1

2

3

4

5

6

7

8                IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   AARON CARRILLO,

11             Plaintiff,                    No. CIV S-06-2924 RRB DAD P

12        vs.

13   M. PENA, et al.,

14             Defendants.                   ORDER

15   _____/

16        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   72-302 and 28 U.S.C. § 636(b)(1).

20        Plaintiff has submitted an in forma pauperis application that makes the showing

21   required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

22   pauperis.

23        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

24   28 U.S.C. §§ 1914(a) & 1915(b)(1).  An initial partial filing fee of $5.42 will be assessed by this

25   order.  See 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate

26   agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to

1

1    the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of

2    twenty percent of the preceding month's income credited to plaintiff's prison trust account.

3    These payments will be collected and forwarded by the appropriate agency to the Clerk of the

4    Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in

5    full.  See 28 U.S.C. § 1915(b)(2).

6          The court is required to screen complaints brought by prisoners seeking relief

7    against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

8    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

10   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

11   U.S.C. § 1915A(b)(1) & (2).

12         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18   Cir. 1989); Franklin, 745 F.2d at 1227.

19         A claim should be dismissed for failure to state a claim upon which relief may be

20   granted only if it appears beyond doubt that plaintiff can prove no set of facts in support of the

21   claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing

22   Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651

23   F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must

24   accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees,

25   425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable

26   /////

2

1  to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S.

2  411, 421 (1969).

3         Here, plaintiff contends that he was re-validated as an EME gang associate and

4  transferred back to Pelican Bay State Prison for an indeterminate term in the security housing

5  unit (SHU).   He names seventeen defendants and brings eight causes of action challenging this

6  action by prison officials.  For the following reasons, the complaint will be dismissed with leave

7  to file an amended complaint.

8  I. Supervisorial Defendants

9         Plaintiff has named several defendants who hold supervisorial positions, including

10  the warden and associate warden of California State Prison - Sacramento (CSP-Sac) and the chief

11  of inmate appeals.  Supervisory personnel are generally not liable under § 1983 for the actions of

12  their employees under a theory of respondeat superior and, therefore, when a named defendant

13  holds a supervisorial position, the causal link between him and the claimed constitutional

14  violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

15  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague

16  and conclusory allegations concerning the involvement of official personnel in civil rights

17  violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

18         In his complaint, plaintiff does not provide any allegations concerning the

19  involvement of the supervisorial defendants.  Plaintiff makes only a vague allegation that

20  supervisory defendants failed to properly train and supervise subordinate employees.  This is not

21  sufficient.  Should plaintiff decide to names supervisory defendants in his amended complaint, he

22  must provide factual allegations demonstrating that they were directly involved in his gang

23  validation or the alleged constitutional violations.

24  II.  Malicious Misclassification

25         In his first cause of action, plaintiff claims that defendants violated the Eighth and

26  Fourteenth Amendments by "maliciously and sadistically placing and retaining plaintiff in the

3

1  SHU despite their knowledge that plaintiff is not an active associate of any prison gang."

2  (Comp., Attach. at 19.)  The allegation that a prison disciplinary charge was false does not state a

3  cognizable claim where the prisoner is provided procedural due process protections .  See

4  Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951

5  (2d Cir. 1986); Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984); Lopez v. Horel, No. C

6  06-4772 SI (pr), 2006 WL 3511978 (N.D. Cal. Dec. 6, 2006) ("A prisoner has no constitutionally

7  guaranteed immunity from being falsely or wrongly accused of conduct which may result in the

8  deprivation of a protected liberty interest.  As long as a prisoner is afforded procedural due

9  process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under §

10  1983.").  Thus, in any amended complaint he should choose to file, plaintiff should not include

11  this cause of action.

12  III.  Conspiracy

13        Plaintiff also alleges that all the defendants conspired to deprive him of his

14  constitutional rights.  In order to prevail on a conspiracy claim under § 1983, a plaintiff must

15  allege and prove some deprivation of a constitutional right which resulted from the alleged

16  conspiracy.  See Woodrum v. Woodward County, Okla., 866 F.2d 1121, 1126 (9th Cir. 1989).

17  "A conspiracy occurs only when the parties have reached 'a unity of purpose or a common design

18  and understanding, or a meeting of minds in an unlawful arrangement.'"  William Inglis & Sons

19  Baking Co. v. ITT Continental Baking Co., 668 F.2d 1014, 1055 (9th Cir. 1981) (quoting

20  American Tobacco Co. v. United States, 328 U.S. 781, 809-10 (1946)).  Thus, a plaintiff must

21  allege facts that if proven would show that there was an agreement by the defendants to violate

22  his constitutional rights.  See Woodrum, 866 at 1126; Fonda v. Gray, 707 F.2d 435, 438 (9th Cir.

23  1983).  While it is not necessary to prove that each participant in a conspiracy know the exact

24  parameters of the plan, they must at least share the general conspiratorial objective.  See Fonda,

25  707 F.2d at 438; see also Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998).  Here, plaintiff

26  has not provided sufficient allegations to support a conspiracy claim.

4

1    In addition, plaintiff has alleged a conspiracy based on section 1985 of the Civil

2  Rights Act which "proscribes conspiracies to interfere with civil rights."  Sanchez v. City of

3  Santa Ana, 936 F.2d 1027, 1039 (9th Cir. 1991) (en banc).  Section 1985(3) was originally

4  passed as the Ku Klux Klan Act of 1871, and provides:

> [i]f two or more persons in any State or Territory conspire . . . , for
> the purpose of depriving, either directly or indirectly, any person or
> class of persons of the equal protection of the laws, or of equal
> privileges and immunities under the laws  . . . whereby another is
> injured in his person or property, or deprived of having and
> exercising any right or privilege of a citizen of the United States,
> the party so injured or deprived may have an action for the
> recovery of damages occasioned by such injury or deprivation,
> against any one or more of the conspirators.

10  42 U.S.C. § 1985(3).  Although the purpose of § 1985(3) was to enforce the rights of African

11  Americans and their supporters, it has been extended to protect non-racial groups only if the

12  courts have designated the class in question as a suspect or quasi-suspect classification.  Holgate

13  v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005).  In his amended complaint, if plaintiff intends to

14  pursue this claim, he must identify his membership in a protected class and alleged facts which

15  evidence a conspiracy.  See id.

16  IV.  Requirements for Amended Complaint

17    In his amended complaint, plaintiff must allege facts demonstrating how the

18  conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory

19  rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must allege

20  in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.

21  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

22  connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423

23  U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588

24  F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil

25  rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

26  /////

1    Plaintiff is informed that the court cannot refer to a prior pleading in order to

2 make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

3 complaint be complete in itself without reference to any prior pleading.  This is because, as a

4 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

5 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

6 longer serves any function in the case.  Therefore, in an amended complaint, as in an original

7 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

8    Accordingly, IT IS HEREBY ORDERED that:

9    1.  Plaintiff's December 28, 2006 application to proceed in forma pauperis is

10 granted.

11    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

12 Plaintiff is assessed an initial partial filing fee of $5.42.  All fees shall be collected and paid in

13 accordance with this court's order to the Director of the California Department of Corrections

14 and Rehabilitation filed concurrently herewith.

15    3.  Plaintiff's complaint is dismissed.

16    4.  Plaintiff is granted thirty days from the date of service of this order to file an

17 amended complaint that complies with the requirements of the Civil Rights Act, the Federal

18 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

19 docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff must

20 use the form complaint provided by the court; failure to file an amended complaint in accordance

21 with this order will result in a recommendation that this action be dismissed without prejudice.

22    5.  The Clerk of the Court is directed to provide plaintiff with the court's form

23 complaint for a section 1983 action.

24 DATED: October 11, 2007.

25

DAD:4

26 carri2924.14

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

6